IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGINALD CHRISTIAN<br>AND TRACIE CHRISTIAN,<br><br>   PLAINTIFFS,<br><br>V.<br><br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.<br>SETERUS, INC., FEDERAL NATIONAL<br>MORTGAGE ASSOCIATION,<br>MCCARTHY & HOTHUS,<br>AND DOES 1-50,<br><br>   DEFENDANTS. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 3:18-CV-1634-C-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636 and Special Order 3, this case was referred to the undersigned United States magistrate judge for pretrial management. Now before the Court is *Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)*, Doc. 5. For the reasons stated here, the Motion should be **GRANTED,** and this case should be **DISMISSED**.

**I. BACKGROUND**

According to *Plaintiff's Original Petition* ("complaint") and the attachments thereto, this cause of action was precipitated by the impending foreclosure sale of Plaintiffs' residence. In February 2007, Plaintiffs bought the home located at 1367 Ridgeview Drive, Cedar Hill, Texas 75104 ("the Property"). Doc. 1-1 at 8. To finance the purchase of the Property, Plaintiffs signed

a promissory note ("Note") for $180,473, with GE Money Bank as the lender. Doc. 1-1 at 8, 29. The Note was secured by a deed of trust ("Deed of Trust") that listed Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee and beneficiary. Doc. 1-1 at 29. Subsequently, MERS assigned the Deed of Trust to Saxon Mortgage Services, which, years later, assigned it to Residential Credit Solutions, Inc.[1] Doc. 1-1 at 45; Doc. 1-1 at 49.

Plaintiffs filed this action in state court on May 30, 2018, to halt the foreclosure sale of the Property. Doc. 1-1 at 7. On June 22, 2018, Defendants removed the case to this Court, based on diversity jurisdiction, and on July 17, 2018, filed the instant Motion seeking dismissal of all of Plaintiffs' claims for failure to state a viable claim and lack of standing.

## II. ANALYSIS

To defeat a motion to dismiss for failure to state a claim, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007); *Reliable Consultants, Inc. v. Earle,* 517 F.3d 738, 742 (5th Cir. 2008). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal citations omitted). When the allegations do not allow the Court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937.

---

[1] Plaintiffs' claims against the remaining Defendants are unclear but appear to stem from Defendants' involvement in the foreclosure proceedings.

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter,* 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937 (citation omitted). Further, a court should not strain to make inferences favorable to the plaintiff; nor must it accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips,* 401 F.3d 638, 642 (5th Cir. 2005).

### A. STANDING

As an initial matter, Defendants allege that Plaintiffs lack standing to contest Defendants' right to enforce the loan agreement, because "[a] mortgagor who is not a party to a deed-of-trust assignment must allege a ground that would render the assignment void to have standing to challenge the assignment." Doc. 6 at 5. Article III of the United States Constitution requires that a litigant have standing to sue in federal court. *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Moreover, standing is a question of jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541-42 (1986). Thus, the Court must consider the issue of subject matter jurisdiction before addressing any other challenge. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994).

While recognizing an intra-circuit split of authority on this issue, this Court has held that mortgagors indeed have standing to contest the validity of the assignment where, as here, their claims derive from a note and a deed of trust to which they are parties. *Preston v. Seterus, Inc.*, 931 F. Supp. 2d 743, 754 (N.D. Tex. 2013) (Lindsay, J.) (citing *Metcalf v. Deutsche Bank Nat'l Trust Co.,* No. 3:11–CV–3014–D, 2012 WL 2399369, at *4 (N.D.Tex. June 26, 2012) (Fitzwater, J.)); *Miller v. Homecomings Fin., LLC*, 881 F.Supp.2d 825 (S.D.Tex. 2012)).

Quoting *Miller*, the Court "conclude[d] that under Texas law homeowners have legal standing to challenge the validity or effectiveness of any assignment or chain of assignments under which a party claims the right to foreclose on their property." *Preston*, 931 F. Supp. 2d at 754 (quoted case omitted). For the same reason, the Court finds that Plaintiffs have standing here.

### B. WRONGFUL FORECLOSURE CLAIM

The elements of a wrongful foreclosure claim are: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011) (internal quotations omitted).

As liberally construed, the complaint alleges that any foreclosure sale is defective since MERS lacked the authority to transfer the Note and Deed of Trust, as "perfection of the lien had been lost due to bifurcation." Doc. 1-1 at 11, 16. Plaintiffs contend that a "Broken Chain of Assignments rendered the 'Deed of Trust' void and unenforceable" under the Uniform Commercial Code, and the original lender's security interest unenforceable. Doc. 1-1 at 11. They conclude that Defendants thus lack legal authority to transfer or assign the Note and Deed of Trust and to foreclose on the Property.[2] Doc. 1-1 at 12-13. Plaintiffs seek a temporary restraining order preventing any disruption of Plaintiffs' use of the Property, as well as damages and costs of court. Doc. 1-1 at 23-24.

Defendants dispute that Plaintiffs have plausibly alleged any defect in the foreclosure

---

[2] Plaintiffs also attempt to argue a novel defect in the foreclosure proceedings in their response to the motion to dismiss. However, because those allegations are not included in the complaint, they are not properly considered here.

process. They also argue that because Plaintiffs failed to tender the full amount owed under the Note, they cannot contest the Defendants' rights to enforce the loan agreement. Doc. 6.

Upon review of the relevant pleadings and applicable law, the Court finds that Plaintiffs have failed to plead a viable wrongful foreclosure cause of action. Consequently, Plaintiffs have failed to state a plausible claim for relief.

Although Plaintiffs devote many pages of the complaint to explaining it, just how the Note and the Deed of Trust allegedly became separated through assignment is of no moment, since Plaintiffs' ultimate bifurcation-of-the-Note argument, also known as the "split-the-note" theory,[3] has been thoroughly debunked:

> The party to foreclose need not possess the note itself. [*Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir.2013)]. So long as it is a beneficiary named in the deed of trust or an assign, that party may exercise its authority even if it does not hold the note itself. That is contemplated in the deed of trust and by the statute allowing mortgagees and mortgage servicers to foreclose. *See* TEX. PROP. CODE § 51.0025.

*Wiley v. Deutsche Bank Nat. Tr. Co*., 539 Fed. Appx. 533, 536–37 (5th Cir. 2013).

Moreover, Plaintiffs contention that Defendants wrongfully foreclosed on the Property because the various assignments of the Deed of Trust or Note were not recorded, fares no better. *See Preston*, 931 F. Supp. 2d at 756 ("any alleged failure by Defendants to record assignments of the Note does not give rise to a claim based on wrongful foreclosure, regardless of whether the claim is packaged as a declaratory judgment action or otherwise"). "[T]he ability to foreclose on a deed of trust is transferred when the note is transferred, not when an assignment of deed of trust is either prepared or recorded." *Bittinger,* 744 F. Supp. 2d at 625 (cited case omitted).

---

[3] Regardless of <u>why</u> Plaintiffs contend the Note was not transferred to Defendants, the gist of their argument is that Defendants do not also have the Note and, thus, cannot foreclose—classic split-the-note theory.

Consequently, "recordation is not necessary for liens, deeds, or deeds of trust to be enforceable against the parties to those instruments." *Cervantes v. U.S. Bank Nat'l, Ass'n,* No. 3:12–CV–0661–D, 2012 WL 1605558, at *3 (N.D. Tex. May 8, 2012) (Fitzwater, C.J.) (quoting *Broyles v. Chase Home Fin.,* No. 3:10–CV–2256–G, 2011 WL 1428904, at *2 (N.D. Tex. Apr. 13, 2011) (Fish, J.)) (internal quotations omitted).

These deficiencies in the complaint notwithstanding, as Defendants correctly note, Plaintiffs also have failed to allege an inadequate selling price—a necessary element of a wrongful foreclosure claim. See *Biggers*, 767 F. Supp. 2d at 729 ("claim for 'wrongful foreclosure' is not available based merely on showing a defect in the foreclosure process; it is also necessary that there be an inadequate selling price resulting from the defect"). Indeed, it appears that since the complaint was filed before the actual foreclosure sale, Plaintiff cannot establish this element.[4]

Finally, to the extent that it is ostensibly a standalone claim, Plaintiffs' request for injunctive relief also fails. Injunctive relief is an "equitable remedy, not an independent cause of action," and there is no controversy when a court dismisses all underlying substantive claims. *Puente v. CitiMortgage, Inc.*, No. 11-CV-2509, 2012 WL 4335997, at *7 (N.D. Tex. 2012) (Godbey, J.) (citing *Excel Mktg. Solutions, Inc. v. Direct Fin. Solutions*, LLC, No. 11-CV-0109, 2011 WL 1833022 at *4 (N.D. Tex. 2011) (Fitzwater, C.J.)). Because Plaintiffs have failed to state a cognizable claim for substantive relief, their request for injunctive relief also fails. *Wildy v. Wells Fargo Bank, NA*, No. 3:12-CV-1831, 2013 WL 246860 at *6 (N.D. Tex. 2013) (Stickney, J).

---

[4] *See, e.g.*, Doc. 1-1 at 23 (complaint alleging that the "harm to Plaintiffs' [sic] is imminent because Plaintiffs' property is as immediate risk of foreclosure sale").

6

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal.  See *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).  Here, because Plaintiffs' bases for relief cannot, as a matter of law, support their sole claim of wrongful foreclosure, it appears that granting leave to amend would be futile.  Nevertheless, because Plaintiffs are proceeding *pro se* and have not previously been done so, they should be given the opportunity to state a viable claim for wrongful foreclosure.

### IV. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiffs' claims be **DISMISSED WITH PREJUDICE** for failure to state a claim, unless they file an amended complaint alleging a viable wrongful foreclosure claim against one or more Defendants within 14 days of this recommendation.  If Plaintiffs fail to do so, this case should be **DISMISSED WITH PREJUDICE**.

**SIGNED** February 21, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).